**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

FILED
(stamp illegible)
09 AUG 13 PM 3 19

| | |
|---|---|
| Mary Raymer, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| Worldwide Asset Purchasing, LLC, a | ) |
| Nevada limited liability company, and | ) |
| Integrity Financial Partners, Inc., a | ) |
| Kansas corporation, | ) |
| | ) |
| Defendants. | ) Jury Demanded |

**1:09-cv-1001 RLY-JMS**

## COMPLAINT

Plaintiff, Mary Raymer, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that the Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants transact business here.

### PARTIES

3.     Plaintiff, Mary Raymer ("Raymer"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed originally to Metris Bank, but now allegedly owed to Worldwide Asset Purchasing, LLC.

4.     Defendant, Worldwide Asset Purchasing, LLC, is a Nevada limited liability company ("Worldwide"), that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana.  In fact, Defendant Worldwide was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Raymer.

5.     Defendant Worldwide is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then aggressively attempts to collect through debt collectors like its co-defendant, Integrity Financial Partners, Inc..  The debts which Worldwide buys are often so old that they are beyond the statute of limitations, and often Worldwide has no documentary proof to support the validity of the debt -- a type of debt the media and the judiciary has termed "Zombie Debt".

6.     Defendant, Integrity Financial Partners, Inc., is a Kansas corporation ("Integrity"), that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana.  In fact, Defendant Integrity was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Raymer.

## FACTUAL ALLEGATIONS

7.     Ms. Raymer is an elderly women of limited assets and income who fell behind on paying her bills.  One such bill she was unable to pay was a debt owed

2

originally for a Metris credit card. After that Metris credit card became delinquent, Defendant Worldwide purchased that account on or before December, 2004.

8. Thereafter, Defendant Worldwide hired an attorney, Daniel J. Ciment of the Law Offices of Daniel J. Ciment, PLLC ("Ciment"), to attempt to collect the Metris debt. Ms. Raymer repeatedly informed Worldwide, through its attorney, on December 27, 2004, December 29, 2004 and February 14, 2005, that she was represented by counsel as to the Metris debt and gave it her attorney's name and contact information.

9. Moreover, Ms. Raymer also sued Ciment on February 14, 2005, for violating the FDCPA by continuing to contact her directly. This lawsuit was styled Raymer v. Law Offices of Daniel J. Ciment, et al, No. 1:05-CV-0217-JDT-TAB (S.D. Ind.). Thereafter, Defendant Worldwide ceased its collection efforts, and Ms. Raymer heard nothing further from it.

10. Despite knowing that Ms. Raymer was represented by an attorney and the fact that the debt is now time-barred under Indiana Law, Defendant Worldwide subsequently hired Defendant Integrity to attempt to collect the debt.

11. On May 11, 2009, Defendants sent an initial collection letter directly to Ms. Raymer, demanding payment of the Metris debt. A copy of this letter is attached as Exhibit A.

12. All of Defendants' collection actions, complained of as violative of the FDCPA, occurred within one year of the date of this Complaint.

13. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

3

## COUNT I
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

14.     Plaintiff adopts and realleges ¶¶ 1-13.

15.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

16.     Defendants knew that Ms. Raymer was represented by counsel in connection with this debt because she had repeatedly told Defendant Worldwide's attorney of that representation.  By directly sending Ms. Raymer a collection letter, despite notice that she was represented by counsel in connection with this debt, Defendants violated § 1692c(a)(2) of the FDCPA.

17.     Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692e Of The FDCPA --
### False Statements

18.     Plaintiff adopts and realleges ¶¶ 1-13.

19.     Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt. See, 15 U.S.C. § 1692e.

20.     Defendants' violations of § 1692e of the FDCPA, include, but are not limited to:

a.      attempting to collect a time-barred debt; and,

4

b.     falsely stating the amount of the debt.

21.     Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

### COUNT III
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

22.     Plaintiff adopts and realleges ¶¶ 1-13.

23.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. <u>See</u>, 15 U.S.C. § 1692f.

24.     Defendants' violations of § 1692f of the FDCPA, include, but are not limited to:

a.     communicating with a consumer represented by counsel; and,

b.     attempting to collect on a time-barred debt.

25.     Defendants' violation of § 1692f of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Mary Raymer, prays that this Court:

1.     Find that Defendants' collection actions violate the FDCPA;

2.     Enter judgment in favor of Plaintiff Raymer and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;  and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Mary Raymer, demands trial by jury.

Mary Raymer,

By:

One of Plaintiff's Attorneys

Dated:  August 14, 2009

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert      (Ind. Bar No. 14254-02)
598 West Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)
shalbertlaw@aol.com